**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| IDT ENERGY, INC., | ) | No. |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, TWIN CITY FIRE NSURANCE COMPANY, by and through its attorneys, WISLON ELSER MOSKOWITZ EDELMAN & DICKER LLP, and for its Complaint for Declaratory Judgment against defendant IDT ENERGY, INC. states as follows:

1. This action seeks a declaration Twin City Fire Insurance Company ("Plaintiff" or "Twin City") owes no insurance coverage obligations to IDT Energy, Inc. ("Defendant" or "IDT") in connection with the claims against IDT in two underlying lawsuits. The first lawsuit is a putative class action captioned Scott Mackey and Daniel Hernandez, individually and on behalf of all other similarly situated, v. IDT Energy, Inc., Case No. 1:18-cv-06756, currently pending in the United States District Court for the Northern District of Illinois ("Mackey Suit"). A copy of the Complaint in the Mackey Suit is attached as Exhibit A. The second lawsuit is an action brought by the State of Illinois captioned People of the State of Illinois ex rel. Lisa Madigan, Attorney General of the State of Illinois v. IDT Energy, Inc., Case No. 2018 CH 14380, currently pending in the Circuit Court

1

of Cook County, Illinois, County Department, Chancery Division ("Madigan Suit"). A copy of the Complaint in the Madigan Suit is attached as Exhibit B.

## PARTIES, JURISDICTION, AND VENUE

2.      Twin City is an insurance company incorporated under the laws of Indiana with its principal place of business in Hartford, Connecticut.

3.      IDT is a Delaware corporation with its principal place of business in Newark, New Jersey.

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 as this case involves claims for coverage for lawsuits pending against IDT in this District and/or within the geographical boundaries of this District and a substantial part of the events giving rise to those claims occurred in this District.

## UNDERLYING ACTIONS

6.      On October 5, 2018, Scott Mackey and Daniel Hernandez, individually and on behalf of others similarly situated, filed a Class Action Complaint in the United States District Court for the Northern District of Illinois in the Mackey Suit. (Ex. A).

7.      The Mackey suit alleges that IDT engaged in violations of the Telephone Consumer Protection Act by using an automatic telephone dialing system to call cellular telephones and/or to telephones subscribed to the National Do-Not-Call Registry. (Ex. A).

2713991v.1
207270410_1 LAW

8. On November 19, 2018, the People of the State of Illinois *ex rel.* Lisa Madigan, Attorney General of the State of Illinois filed a Complaint for Injunctive and Other Relief in Cook County in the Madigan Suit. (Ex. B).

9. The Madigan Suit alleges IDT violated the Illinois Consumer Fraud and Deceptive Business Practices Act by failing to disclose all material terms during its marketing efforts to convince consumers to switch energy providers and, in the course of marketing, selling, and promoting electricity supply to Illinois residents, failing to inquire at the beginning of the call whether the person consented to IDT's solicitation. (Ex. B).

10. On March 6, 2019, IDT tendered the Mackey and Madigan suits to Twin City requesting defense and indemnity coverage for its liability in the lawsuits.

11. Twin City denies it owes IDT any defense or indemnity obligations with respect to the claims against IDT in the Mackey or Madigan suits.

12. Twin City issued certain liability policies to IDT's parent company, Genie Energy LTD, which also name IDT as an additional insured and which were effective annually from January 1, 2017 to January 1, 2020 (the "Policies"). Subject to all their terms, the Policies provide certain primary ("Primary Policies") and excess ("Excess Policies") liability coverage. The Primary Policies all bear policy number 13 CES OF6881 and the Excess Policies all bear policy number 13 XS ON0882. The Policies are attached in chronological order as Exhibits C, D, E, F, G, and H.

13. The liability coverage in the Primary Policies provides, in part, as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

3

1.      **Insuring Agreement**

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

            *      *      *

    b.    This insurance applies to "bodily injury" and "property damage" only if:

        (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2)    The "bodily injury" or "property damage" occurs during the policy period; and

            *      *      *

2.      **Exclusions**

This insurance does not apply to:

    a.    **Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

            *      *      *

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

1.      **Insuring Agreement**

4

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.  We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.

*       *       *

b.  This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

*       *       *

**2.      Exclusions**

This insurance does not apply to:

**a.      Knowing Violation Of Rights Of Another**

"Personal and advertising injury" arising out of an offense committed by, at the direction or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury."

**b.      Material Published With Knowledge of Falsity**

"Personal and advertising injury" arising out of oral, written or electronic publication of material if done by or at the direction of the insured with knowledge of its falsity.

**c.      Material Published Prior to Policy Period**

"Personal and advertising injury" arising out of oral, written or electronic publication of material whose

5

first publication took place before the beginning of
the policy period.

\*        \*        \*

g.    **Quality of Performance of Goods – Failure to
Conform to Statements**

"Personal and advertising injury" arising the failure
of goods, products or services to conform with any
statement of quality or performance made in your
"advertisement".

h.    **Wrong Description of Prices**

"Personal and advertising injury" arising out of the
wrong description of the price of goods, products or
services.

\*        \*        \*

q.    **Right of Privacy Created By Statute**

"Personal and advertising injury" arising out of the
violation of a person's right of privacy created by
any state or federal act.

However, this exclusion does not apply to liability
for damages that the insured would have in the
absence of such state or federal court.

\*        \*        \*

t.    **Recording And Distribution of Material Or
Information in Violation of Law[1]**

"Personal and advertising injury" arising directly or
indirectly out of any action or omission that violates
or is alleged to violate:

---

[1] Exclusion (t) appears in Primary Policies with effective periods of 2018-2019 and 2019-2020.

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)** The CAN-SPAM Action of 2003, including any amendment of or addition to such law;

**(3)** The Fair Credit **Reporting** Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA) or

**(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA or CAN-**SPAM** Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communication or distribution of material or information.

\* \* \*

**SECTION V – DEFINITIONS**

\* \* \*

5. "Bodily injury" means physical;

a. Injury;

b. Sickness; or

c. Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

\* \* \*

16. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17. "Personal and advertising injury" means injury, including consequential "bodily injury" arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;

   b. Malicious prosecution;

   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord, or lessor;

   d. Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   e. Oral, written or electronic publication of materials that violates a person's right of privacy;

   f. Copying in your "advertisement" a person's or organization's "advertising idea" or style of "advertisement";

   g. Infringement of copyright, slogan or title of any literary or artistic work, in your "advertisement".

   h. Discrimination or humiliation that results in injury to the feelings or reputation of a natural person.[2]

                    *        *        *

20. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

---

[2] By endorsement, the definition of Personal and Advertising injury subsection (h) is amended in years 2018-2019 and 2019-2020 to the following: Discrimination that results in humiliation or other injury to the feelings or reputation of a natural person, provided that such discrimination is not committed by or at your direction, or the direction of any partner, member, manager, "executive office", director, stockholder or trustee of the insured.

      b.      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\*     \*     \*

(Exhibits C, D, and E, HG 00 01 06 05; HG 00 01 09 16).

14.     Except as otherwise provided, the Excess Policies follow "all the terms, conditions, definitions and exclusions" set forth in the Primary Policies. (Exhibits F, G, and H, Form XN 99 21 13 (ED. 01/95).

15.     The Excess Policies provide:

**SECTION I – COVERAGES**

**1.     Insuring Agreement**

     a.     We will pay of behalf of the insured those sums that the insured shall become legally obligated to pay as damages which are:

     (1)     Because of any injury or damage for which insurance is afforded by the "controlling underlying insurance policy"; and

     (2)     Not excluded or modified by the Exclusions, Conditions, Definitions, or any other terms of this policy;

\*     \*     \*

(Exhibits F, G, and H, Form XN 00 08 16 (ED. 06/05).

16.     The Excess Policies contain the following exclusion:

**2.     Exclusions:**

This policy does not apply to:

     a.     Remedies Other Than Damages

9

Fines, penalties, restitutionary or equitable relief.

(Exhibits F, G, and H, Form XN 00 08 16 (ED. 06/05).

17.    The Excess Policies contain the following endorsement:

**RECORDING AND DISTRIBUTION OF MATERIAL OR INFORMATION
IN VIOLATION OF LAW EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**    The following exclusion is added to paragraph **2.**, **Exclusions** of Section I – **Coverage A – Bodily Injury And Property Damage Liability**:

**2.    Exclusions**

This insurance does not apply to:

**Recording And Distribution Of Material Or Information In Violation Of Law**

"Bodily injury" or "property damage", arising directly or indirectly out of any action or omission that violates or is alleged to violate:

a.    The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

\*          \*          \*

d.    Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003, or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

(Exhibits F, G, and H, Form XN 00 68 13 (ED. 12/10).

**<u>COUNT I</u>**

10

**NO "BODILY INJURY" OR "PROPERTY DAMAGE" CAUSED BY AN "OCCURRENCE"**

18.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

19.     Subject to all of their terms, the Policies only provide coverage under Coverage A for claims for "damages" because of "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined and used in those Policies.

20.     The claims in the <u>Mackey</u> and <u>Madigan</u> Suits do not concern claims for "damages" because of "bodily injury" or "property damage" caused by an "occurrence."

21.     Accordingly, Twin City does not owe any defense or indemnity obligations to IDT under the "bodily injury" or "property damage" coverage (Coverage A) of the Policies for the claims against IDT in the <u>Mackey</u> or <u>Madigan</u> Suits.

WHEREFORE, Plaintiff, Twin City Insurance Company, prays this Court enter the following relief:

A.     A declaration finding Twin City owes no duty to defend or indemnify IDT for the claims against IDT in the <u>Mackey</u> Suit under the Policies;

B.     A declaration finding Twin City owes no duty to defend or indemnify IDT for the claims against IDT in the <u>Madigan</u> Suit under the Policies; and

C.     For all such just and equitable relief, including costs of this suit.

## COUNT II

**NO PERSONAL AND ADVERTISING INJURY**

22.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

2713991v.1
207270410_1 LAW

23.     Subject to all of their terms, the Policies only provide coverage under Coverage B for claims for "damages" because of "personal and advertising injury" as those terms are defined and used in those Policies.

24.     Many of the claims asserted in the <u>Mackey</u> and <u>Madigan</u> Suits do not seek "damages" because of "personal and advertising injury".

25.     Accordingly, Twin City does not owe any defense or indemnity obligations to IDT under the "personal and advertising injury" coverage (Coverage B) of the Policies to the extent that the <u>Mackey</u> and <u>Madigan</u> Suits do not seek "damages" because of "personal and advertising injury".

WHEREFORE, Plaintiff, Twin City Insurance Company, prays this Court enter the following relief:

A.     A declaration finding Twin City owes no duty to defend or indemnify IDT for the claims against IDT in the <u>Mackey</u> Suit under the Policies;

B.     A declaration finding Twin City owes no duty to defend or indemnify IDT for the claims against IDT in the <u>Madigan</u> Suit under the Policies; and

C.     For all such just and equitable relief, including costs of this suit.

## COUNT III

### EXPECTED OR INTENDED INJURY EXCLUSIONS PRECLUDE COVERAGE

26.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

12

27.     The Expected or Intended Injury Exclusions in the Policies preclude coverage for any "bodily injury" or "property damage" which is expected or intended from the insured's standpoint.

28.     The Expected or Intended Injury Exclusions in the Policies also preclude coverage for any "personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".

29.     To the extent any "bodily injury", "property damage" or "personal and advertising injury" is alleged in the <u>Mackey</u> or <u>Madigan</u> Suits, the Expected or Intended Injury Exclusions bar coverage.

30.     Therefore, Twin City has no duty under the Policies to defend or indemnify IDT for these claims against IDT in the <u>Mackey</u> and <u>Madigan</u> Suits.

WHEREFORE, Plaintiff, Twin City Insurance Company, prays this Court enter the following relief:

A.      A declaration finding Twin City owes no duty to defend or indemnify IDT for the claims against IDT in the <u>Mackey</u> Suit under the Policies;

B.      A declaration finding Twin City owes no duty to defend or indemnify IDT for the claims against IDT in the <u>Madigan</u> Suit under the Policies; and

C.      For all such just and equitable relief, including costs of this suit.

## **COUNT IV**

### **RECORDING OR DISTRIBUTION OF MATERIAL EXCLUSIONS BAR COVERAGE**

31.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

32.     The Policies exclude coverage for claims for damages because of "personal and advertising injury" arising directly or indirectly out of any action or omission that allegedly violates the Telephone Consumer Protection Act ("TCPA"), or any other statute, ordinance or regulation that regulates the sending, transmitting, communicating or distribution of material or information ("Recording or Distribution of Material Exclusions").

33.     To the extent that the Mackey or Madigan Suits allege "personal and advertising injury", the Recording or Distribution of Material Exclusions preclude coverage for those claims.

WHEREFORE, Plaintiff, Twin City Insurance Company, prays this Court enter the following relief:

A.      A declaration finding Twin City owes no duty to defend or indemnify IDT for the claims against IDT in the Mackey Suit under the Policies;

B.      A declaration finding Twin City owes no duty to defend or indemnify IDT for the claims against IDT in the Madigan Suit under the Policies; and

C.      For all such just and equitable relief, including costs of this suit.

## COUNT V

### KNOWING VIOLATION OF RIGHTS OF ANOTHER EXCLUSION PRECLUDES COVERAGE

34.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

35.     The Knowing Violation of Rights of Another Exclusions in the Policies preclude coverage for any "personal and advertising injury" arising out of an offense committed by, at the

2713991v.1
207270410_1 LAW

direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".

36.     To the extent that any injury or damage for "personal and advertising injury" is alleged in the <u>Mackey</u> or <u>Madigan</u> Suits, the Knowing Violation of Rights of Another Exclusions bar coverage.

37.     Therefore, Twin City has no duty under the Policies to defend or indemnify IDT for these claims against IDT in the <u>Mackey</u> and <u>Madigan</u> Suits.

WHEREFORE, Plaintiff, Twin City Insurance Company, prays this Court enter the following relief:

A.      A declaration finding Twin City owes no duty to defend or indemnify IDT for these claims against IDT in the <u>Mackey</u> Suit under the Policies;

B.      A declaration finding Twin City owes no duty to defend or indemnify IDT for these claims against IDT in the <u>Madigan</u> Suit under the Policies; and

C.      For all such just and equitable relief, including costs of this suit.

## COUNT VI

## MATERIAL PUBLISHED WITH KNOWLEDGE OF FALSITY EXCLUSION PRECLUDES COVERAGE

38.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

39.     The Material Published with Knowledge of Falsity Exclusions in the Policies preclude coverage for any "personal and advertising injury" arising out of oral, written or electronic publication of material if done by or at the direction of the insured with knowledge of its falsity.

15

40. To the extent "personal and advertising injury" is alleged in the <u>Mackey</u> or <u>Madigan</u> Suits arising from IDT publishing material with knowledge of its falsity, the Material Published with Knowledge of Falsity Exclusions bar coverage.

41. Therefore, Twin City has no duty under the Policies to defend or indemnify IDT for these claims against IDT in the <u>Mackey</u> and <u>Madigan</u> Suits.

WHEREFORE, Plaintiff, Twin City Insurance Company, prays this Court enter the following relief:

A. A declaration finding Twin City owes no duty to defend or indemnify IDT for these claims against IDT in the <u>Mackey</u> Suit under the Policies;

B. A declaration finding Twin City owes no duty to defend or indemnify IDT for these claims against IDT in the <u>Madigan</u> Suit under the Policies; and

C. For all such just and equitable relief, including costs of this suit.

<u>**COUNT VII**</u>

<u>**POLICY PERIOD AND PRIOR PUBLICATION EXCLUSION**</u>

42. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

43. Subject to all their terms, the Policies only provide coverage for "bodily injury" or "property damage" or a "personal and advertising injury" occurring during the policy period.

44. The Material Published Prior to Policy Period Exclusions in the Policies preclude coverage for any "personal and advertising injury" arising out of oral, written or electronic publication of material whose first publication took place before the beginning of the policy period.

16

45.     To the extent any "bodily injury," "property damage" or "personal and advertising injury" is alleged in the Mackey or Madigan Suits, and such matters and/or publication predates or post dates the Policies, said matters are not covered.

46.     Therefore, Twin City has no duty under the Policies to defend or indemnify IDT for these claims against IDT in the Mackey and Madigan Suits.

WHEREFORE, Plaintiff, Twin City Insurance Company, prays this Court enter the following relief:

A.      A declaration finding Twin City owes no duty to defend or indemnify IDT for these claims against IDT in the Mackey Suit under the Policies;

B.      A declaration finding Twin City owes no duty to defend or indemnify IDT for these claims against IDT in the Madigan Suit under the Policies; and

C.      For all such just and equitable relief, including costs of this suit.

## COUNT VIII

## QUALITY OF PERFORMANCE OF GOODS – FAILURE TO CONFORM TO STATEMENTS EXCLUSION PRECLUDES COVERAGE

47.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

48.     The Quality of Performance of Goods- Failure to Conform to Statements Exclusions in the Policies preclude coverage for any "personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in the insured's advertisement.

17

49.     To the extent "personal and advertising injury" is alleged in the <u>Mackey</u> or <u>Madigan</u> Suits arising from IDT's goods, products or services failing to conform with any statement of quality or performance, the Material Published Prior to Policy Period Exclusions bar coverage.

50.     Therefore, Twin City has no duty under the Policies to defend or indemnify IDT for these claims against IDT in the <u>Mackey</u> and <u>Madigan</u> Suits.

WHEREFORE, Plaintiff, Twin City Insurance Company, prays this Court enter the following relief:

A.     A declaration finding Twin City owes no duty to defend or indemnify IDT for these claims against IDT in the <u>Mackey</u> Suit under the Policies;

B.     A declaration finding Twin City owes no duty to defend or indemnify IDT for these claims against IDT in the <u>Madigan</u> Suit under the Policies; and

C.     For all such just and equitable relief, including costs of this suit.

## COUNT IX

### WRONG DESCRIPTION OF PRICES EXCLUSION PRECLUDES COVERAGE

51.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

52.     The Wrong Description of Prices Exclusions in the Policies preclude coverage for any "personal and advertising injury" arising out of the wrong description of the price of goods, products or services.

18

53. To the extent "personal and advertising injury" is alleged in the <u>Mackey</u> or <u>Madigan</u> Suits arising from IDT's wrong description of the price of goods, products or services, the Wrong Description of Prices Exclusions bar coverage.

54. Therefore, Twin City has no duty under the Policies to defend or indemnify IDT for these claims against IDT in the <u>Mackey</u> and <u>Madigan</u> Suits.

WHEREFORE, Plaintiff, Twin City Insurance Company, prays this Court enter the following relief:

A. A declaration finding Twin City owes no duty to defend or indemnify IDT for these claims against IDT in the <u>Mackey</u> Suit under the Policies;

B. A declaration finding Twin City owes no duty to defend or indemnify IDT for these claims against IDT in the <u>Madigan</u> Suit under the Policies; and

C. For all such just and equitable relief, including costs of this suit.

## COUNT X

### RIGHT OF PRIVACY EXCLUSIONS PRECLUDE COVERAGE

55. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

56. The Policies exclude coverage for "personal and advertising injury" arising out of the violation of a person's right of privacy created by any state or federal act.

57. To the extent "personal and advertising injury" is alleged in the <u>Mackey</u> and <u>Madigan</u> Suits arising out of IDT's violation of a person's right of privacy created by any state or federal act, the Right of Privacy Exclusions preclude coverage for these claims.

58.     Thus, Twin City has no duty under the Policies to defend or indemnify IDT for these claims against them in the <u>Mackey</u> and <u>Madigan</u> Suits.

WHEREFORE, Plaintiff, Twin City Insurance Company, prays this Court enter the following relief:

A.     A declaration finding Twin City owes no duty to defend or indemnify IDT for these claims against it in the <u>Mackey</u> Suit under the Policies;

B.     A declaration finding Twin City owes no duty to defend or indemnify IDT for these claims against it in the <u>Madigan</u> Suit under the Policies; and

C.     For all such just and equitable relief, including costs of this suit.

## COUNT XI

### NO COVERAGE FOR REMEDIES OTHER THAN DAMAGES

59.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

60.     The Policies exclude coverage for remedies other than damages, including fines, penalties, restitutionary or equitable relief.

61.     To the extent that any relief is sought in the <u>Mackey</u> and <u>Madigan</u> Suits other than damages, the no coverage is afforded for these claims.

62.     Thus, Twin City has no duty under the Policies to defend or indemnify IDT for these claims against them in the <u>Mackey</u> and <u>Madigan</u> Suits.

WHEREFORE, Plaintiff, Twin City Insurance Company, prays this Court enter the following relief:

2713991v.1
207270410_1 LAW

A.      A declaration finding Twin City owes no duty to defend or indemnify IDT for these

claims against it in the <u>Mackey</u> Suit under the Policies;

B.      A declaration finding Twin City owes no duty to defend or indemnify IDT for these

claims against it in the <u>Madigan</u> Suit under the Policies; and

C.      For all such just and equitable relief, including costs of this suit.

Respectfully submitted,

TWIN CITY INSURANCE COMPANY,

By:     ___/s/ Michael J. O'Malley_____

One of Its Attorneys

Michael J. Duffy (6196669)
michael.duffy@wilsonelser.com
Michael J. O'Malley (6310024)
michael.o'malley@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550
(312) 704-1522 (fax)

2713991v.1
207270410_1 LAW